FILED
SUPERIOR COURT
OF GUAM

2019 FEB -7 AM II: 05

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| TIMOTHY J. ROHR,<br><br>        Plaintiff,<br><br>vs.<br><br>LEONE R. WILLIAMS-ROHR<br><br>        Defendant. | Domestic Case No. DM0505-17<br><br>**DECISION AND ORDER** |

## INTRODUCTION

The Court previously ordered Defendant to show cause why she should not be held in contempt. Having heard Defendant's testimony, the Court now addresses the issue. This matter is before the Honorable Michael J. Bordallo. Plaintiff Timothy J. Rohr ("Plaintiff") is represented by Daniel S. Somerfleck, Esq. of Somerfleck & Associates, PLLC. Defendant Leone R. Williams-Rohr ("Defendant") is represented by Jeffrey A. Cook, Esq. of the Law Offices of Cunliffe & Cook. Having reviewed the evidence, the Court hereby **HOLDS** Defendant in contempt of court for failing to follow court orders.

## BACKGROUND

On July 31, 2018 this Court ordered Defendant, living on the Virgin Islands, to provide Plaintiff, living on Guam, liberal access to their minor children via video conferencing or skype,

as well as telephonic access. The Court also ordered Defendant to update Plaintiff on the children's school and medical issues and to allow the Plaintiff full access on other decisions regarding the children's needs. These orders will be referred to as "Orders." On Sep. 28, 2018, Plaintiff moved for an order to show cause why Defendant should not be held in contempt for failing to follow the Orders. In response, the Court ordered Defendant to appear on Oct. 9, 2018 to show cause. The hearing was delayed until Oct. 19, 2018, when both parties testified about Defendant's level of compliance with the Orders. After the hearing, the court took the matter under advisement.

## FACTS

1. The parties were married on May 11, 1986 in St. Croix, U.S. Virgin Islands.

2. The parties had eleven children together, and then, after 31 years of marriage, they separated.

3. At the time of the Complaint For Divorce, Sep. 20, 2017, three children were minors and one was an adult dependent due to developmental delays from autism. One of those three minors has since turned 18 on Nov. 14, 2018.

4. In June 2017, Defendant and the youngest two children left Guam and relocated to the U.S. Virgin Islands. Plaintiff claims that Defendant misled him to believe the trip would be temporary and that she would later return to Guam. Defendant argues that Plaintiff knew the move was permanent.

5. Each party has filed a complaint for divorce. Plaintiff filed in Guam on Sep. 20, 2017, and Defendant filed in the U.S. Virgin Islands on Nov. 14, 2017.

6. Plaintiff travelled to visit the children in the Virgin Islands in August 2018. Plaintiff alleges that during this visit, Defendant denied Plaintiff sufficient access to the children.

7. On Nov. 15, 2018 the Court ordered a call schedule for Plaintiff to speak with the children four nights per week.

8. On Dec. 17, 2018, the Court ordered a holiday visitation schedule designating the days and times each parent would have physical custody of the children from Dec. 20, 2018 to Jan. 7, 2019.

9. Presently, the Court has not issued a final divorce decree.

## ISSUE

1. Whether Defendant should be found in contempt of court for failing to comply with the Orders from the July 31, 2018 Decision and Order.

## PRINCIPLES OF LAW

Contempt of court includes disobedience of any lawful court order. 7 Guam Code. Ann. § 34101(a)(5). In 2003 the Supreme Court of Guam explained the elements required for a court to find a party in contempt of a prior order. Rodriguez v. Rodriguez, 2003 Guam 8 ¶ 15. The Supreme Court held that, "[t]he elements of contempt are generally: 1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order." Id. (citing In re Ivey, 102 Cal.Rptr.2d 447, 451 (Ct. App. 2000)).

## ANALYSIS

All four elements of the Supreme Court of Guam's four-factor test must be satisfied for the Court to find Defendant in contempt. If any element is absent, the party will not be found in contempt. The first factor is the presence of a valid order. The Court issued valid Orders to Defendant on July 31, 2018 as follows:

> The Court orders the Defendant to provide liberal access by the Plaintiff to the children via video conferencing or skype as well as telephonic access. The Defendant shall also update the Plaintiff on all school and medical issues and allow the Plaintiff full access on other decisions regarding the children's needs.

Decision and Order 4, July 31, 2018. The second factor is knowledge of the valid order. Defendant had knowledge of the Orders, her attorney having been alerted to the decision in a Notice of Entry on Docket. Defendant also testified to being aware of the Orders in the hearing on Oct. 19, 2018. Hr'g, Oct. 19, 2018. The third factor is the party's ability to comply with the order. The Court received no evidence that Defendant was unable to comply with the Orders.

The fourth factor is willful failure to comply with the order. Defendant took the stand on Oct. 19, 2018 to explain her level of compliance with the Orders. Id. She testified that Plaintiff spoke with the minor children through video conference only once between the time the Orders were issued and the Oct. 19, 2018 hearing. Id. Defendant also testified that Plaintiff spoke with the children via telephone "several times" or "maybe seven or eight times" during that period. Id. Defendant testified that during two-weeks of that period, the children were sick and school started up, and for that reason, Plaintiff couldn't speak with them. Id. Defendant testified that Plaintiff called every day from Sep. 1 to Sep. 26 and left a voicemail asking to speak with the children. Id. She testified that "it could easily be" that Plaintiff never spoke with the children during that 26-day period. Id. Defendant also testified that "it could very easily be" that Plaintiff called every day from Aug. 25, 2018 to Sep. 1, 2018 and that the children didn't speak with him on those days, which was the week after he returned from visiting the children in the Virgin Islands. Id. Defendant testified that she "tempered" Plaintiff's ability to communicate with his children. Id.

With regard to the order to update Plaintiff on school, medical, and other decisions, Defendant testified that she did not contact Plaintiff about a behavior plan developed with the school for their child William. Id. She also testified that she did not discuss with Plaintiff decisions about which schools to enroll the children in, such as private schools. Defendant also testified that there would be no reason Plaintiff couldn't be present via videoconference in the

school meetings about his children. In light of the evidence presented at the hearing, the Court finds that Defendant failed to comply with the Orders and that she did so willfully. Therefore, all four elements to find contempt are present, and the Court will find Defendant in contempt of court.

## CONCLUSION AND ORDER

For the above reasons, the Court **HOLDS** Defendant in contempt of court. At this time, the Court will not order sanctions but will await additional information about Defendant's compliance with other Court orders.

SO ORDERED, this ___7th___ day of ___Feb___ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT

I acknowledge that a copy of the original hereto was placed in the court box of:

Som/Safusek
Cunliffe

Date: 2/7/19 Time: 1:30 pm

_____
Deputy Clerk, Superior Court of Guam